UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TODD GOLDMAN, | | |
| | Plaintiff, | |
| -against- | | 24-CV-7097 (AS) |
| ELI WEISMAN et al., | | OPINION AND ORDER |
| | Defendants. | |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Todd Goldman is an artist who claims that defendants Quality Art Auctions, Inc., Eli Weisman, Roy Revivo, and Noah Weisman infringed his copyrights and defrauded him. Dkt. 1. Goldman's former attorney, who filed this action, was later disbarred because he "engaged in a pattern and practice of neglecting legal matters entrusted to him, failed to promptly comply with clients' reasonable requests for information, [and] engaged in conduct involving dishonesty, fraud, deceit . . . ." Dkt. 23-1. After realizing this, Goldman stepped in to represent himself, Dkt. 23, and has filed a motion to transfer this case to the United States District Court of California, pursuant to 28 U.S.C. §§ 1404(a) and 1406, Dkt. 38. The motion to transfer under § 1404(a) is GRANTED.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). To transfer, two factors must be satisfied. "First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016) (quotation marks omitted). "Second, the transfer must be in the interest of justice and convenience of the parties and witnesses." *Id.* (quotation marks omitted).

"[T]he Court must evaluate the following factors to determine whether to grant a motion to transfer venue: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Id.* at 27 (quotation omitted). "[T]he burden is on the movant to show that transfer is justified" clearly and convincingly. *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010).

No one disputes that this case could have been brought in the Central District of California, so the Court focuses on factors bearing on whether the transfer is in the interests of justice and convenience of the parties and witnesses.

1

Goldman highlights that "[a]ll four defendants reside and operate in Los Angeles, California," "[t]he events giving rise to the claims occurred in California," and he "lived in California back when these events occurred." Dkt. 38 at 1. He adds that he no longer has an office in New York City and now lives in Nashville, Tennessee. *Id.* And he says that his "former disbarred attorney wrote what he did in the complaint to have this case in New York City because that is where he lived and worked, not the defendants nor me." *Id.* at 2. He says that transfer will serve the interests of justice because it will "not unfairly penalize [him] for hiring a bad attorney." *Id.*

Defendants dispute only one minor aspect of those facts: They say that not all defendants are domiciled in California. Dkt. 41 at 3. Although defendants provide no support for that assertion in connection with the motion to transfer venue, Noah Weisman filed a declaration in connection with defendants' motion to dismiss that says he is domiciled in Nevada, not California. Dkt. 40-5 at 1. Fair enough. But the remaining defendants, who by all accounts are the primary witnesses, are domiciled in California. Dkts. 40-1 at 11, 40-4, 40-6. So the convenience of the witnesses and parties weighs in favor of transfer to California, as well as the interests of justice. The remaining factors don't counsel otherwise.

Having failed to rebut the substance of Goldman's § 1404(a) arguments, defendants say the motion should still be denied because Goldman didn't file a separate affidavit containing detailed factual statements identifying potential principal witnesses and a general statement of the substance of their testimony. Dkt. 41 at 3. Even assuming that a transfer motion should generally be denied absent such an affidavit—although even that's unclear because defendants rely only on two district-court cases that are over 25 years old, *id.*—here no one disputes that the principal witnesses in this case are the four defendants, all of whom reside in, or in the vicinity of, the Central District of California. Indeed, the complaint focuses on Goldman's interactions with these four defendants, and no one else. Dkt. 1 at 4–21. In this situation, "rules of procedure should be liberally construed and . . . 'mere technicalities' should not stand in the way of consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988). That is especially true regarding pro se plaintiffs like Goldman, who are "entitled to special solicitude." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

Zooming out, this is a case about events that happened in California concerning defendants who are nearly all domiciled in California. And Goldman, the party who lives farthest from California, wants to transfer this case *to* California. What's more, defendants have separately moved to dismiss this case for lack of personal jurisdiction because the case *wasn't* filed in California. Dkt. 40. So the convenience of the parties and witnesses and the interests of justice all counsel in favor of transfer.

As Goldman has clearly and convincingly shown that the transfer is justified under § 1404(a), his motion to transfer is GRANTED. All other pending motions are moot. All conferences are canceled. The Clerk of Court is directed to transfer this case to the United States District Court for the Central District of California and otherwise close this case.

SO ORDERED.

Dated: April 14, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge